NO. 12-01-00005-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


CHARLES BATES,
§
 APPEAL FROM THE 114TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

 Charles Bates appeals his conviction for the offense of possession of a controlled substance,
methamphetamine, in an amount of four grams or more but less than 200 grams, for which he was
sentenced to life in prison as an habitual offender. In three issues, Appellant contends that he
received ineffective assistance of counsel at trial and that the evidence is both legally and factually
insufficient to support his conviction. We affirm.


Background

 On February 23, 2000, Special Agent Phillip Rust of the Federal Drug Enforcement
Administration received information from a confidential informant that narcotics activity was afoot
in rural Smith County. In an unmarked car, Agent Rust drove toward the place where the informant
had indicated the activity was occurring and met the vehicle which the informant had described. 
Agent Rust turned on the flashing lights attached to his windshield and attempted to stop the
suspects' car. The suspects' car increased its speed and did not stop for over a mile. By this time,
several narcotics officers were in pursuit in separate, unmarked cars. 

 Finally, the suspects' car turned into a private drive, traveled about fifty yards, and then
stopped. Appellant got out of the front passenger seat and ran. Officer Harold Jones ("Jones") and
another officer gave chase on foot, yelling, "Stop. Police." They chased Appellant for
approximately one hundred yards before catching him behind a residence. After handcuffing
Appellant, Jones patted him down and discovered $1200 in cash and three baggies containing a
combined total of slightly more than one gram of methamphetamine in Appellant's pockets.

 Agent Rust arrested the driver of the car, Diedra Green ("Green"), and the backseat
passenger, Jamie Moore ("Moore"). Agent Rust observed a Pyrex container in the front floorboard
of the car with a "wet and a dry substance" in it which he believed to be indicative of the
manufacture of methamphetamine. Upon searching the trunk of the car, the agents discovered many
items typically used in the manufacture of methamphetamine: lye, dry gas, red phosphorous,
Coleman camp fuel, acetone, muriatic acid, paint thinner, pseudoephedrine, iodine crystals, coffee
filters, lighter fluid, coffee pots and a portable electric range among other things. The agents also
discovered methamphetamine weighing approximately 30 grams in the car.

 Moore testified at Appellant's trial that two days prior to being arrested, she, Green, and
Appellant had shopped for the various items which the narcotics officers found in the car with the
intention of using those items to manufacture methamphetamine. Moore told the jury that she was
present at a vacant house in rural Smith County over a period of approximately two days while Green
and Appellant manufactured methamphetamine. Moore further testified that the grandson of the
owner of the house asked the three of them to leave, so Green and Appellant packed all of the items
used to manufacture the methamphetamine and the methamphetamine into Green's car. Moore told
the jury that the three of them had just left the house where the manufacturing had taken place when
the officers got behind them and attempted to stop them.

 Appellant did not testify at trial.


Ineffective Assistance of Counsel

 In his first issue, Appellant contends that he was denied the effective assistance of counsel
at trial. The standard of review for ineffective assistance of counsel is enunciated in Strickland v.
Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). See also Hernandez v. State,
726 S.W.2d 53, 57 (Tex. Crim. App. 1986). The Strickland test requires a two-step analysis:



 Did the attorney's performance fail to constitute "reasonably effective assistance," i.e., did
the defense attorney's representation fall below an objective standard of reasonableness
under prevailing professional norms?

 If so, was there a reasonable probability that, but for counsel's unprofessional errors, the
result of the proceedings could have been different?




See Strickland, 466 U.S. at 694, 104 S. Ct. at 2068; Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim.
App. 2000). A reasonable probability is a probability sufficient to undermine confidence in the
outcome of the proceedings. Tong, 25 S.W.3d at 712. Appellant is required to establish his claims
by a preponderance of the evidence. Id. Any allegation of ineffectiveness must be firmly founded
in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. Thompson
v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). An appellate court looks to the totality of the
representation and the particular circumstances of each case in evaluating the effectiveness of
counsel. Id. Our review of counsel's representation is highly deferential. Tong, 25 S.W.3d at 712.
We indulge a strong presumption that counsel's conduct falls within a wide range of reasonably
professional representation. Id. The burden is on Appellant to overcome that presumption. See
Burruss v. State, 20 S.W.3d 179, 186 (Tex. App.-Texarkana 2000, pet. ref'd). Failure to make the
required showing of either deficient performance or sufficient prejudice defeats an ineffectiveness
claim. Thompson, 9 S.W.3d at 813. In other words, even if trial counsel's alleged deficiencies
satisfy the first prong of the Strickland test, Appellant must still affirmatively prove prejudice. See
Burruss, 20 S.W.3d at 186.

 In the case at hand, Appellant alleges specifically that trial counsel was ineffective for failure
to file a motion to suppress the drug evidence recovered from Appellant's person. When alleging
ineffective assistance of counsel for failure to pursue a motion to suppress, an appellant is required
to prove by a preponderance of the evidence that the motion to suppress would have been granted.
Jackson v. State, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998). Appellant filed a pro se motion for 
new trial alleging, among other things, that counsel was ineffective for failure to file a motion to
suppress. However, Appellant withdrew his motion for new trial and no hearing was had on it. 
Therefore, we can only look to the record of Appellant's trial when making our inquiry into the
effectiveness of counsel. 

 Appellant briefs this issue as if the evidence was discovered on his person during a Terry
frisk. Jones did testify that he discovered the drug evidence on Appellant's person while patting
Appellant down for weapons after Appellant had already been handcuffed. However, Jones further
testified that he found the drugs on Appellant's person "during [Appellant's] arrest," after Appellant
ran from him and another officer who were yelling, "Stop. Police."

 Under Article 14.01 of the Texas Code of Criminal Procedure, a peace officer may arrest a
person without a warrant if that person commits an offense in the presence or view of the peace
officer. Tex. Code Crim. Proc. Ann. art. 14.01(b) (Vernon 1977); Stull v. State, 772 S.W.2d 449,
452 (Tex. Crim. App. 1989). A person commits the offense of evading arrest if he intentionally flees
from a person he knows is a peace officer attempting lawfully to arrest or detain him. Tex. Pen.
Code Ann. § 38.04(a) (Vernon Supp. 2003). Because Jones personally witnessed Appellant
committing the offense of evading arrest or detention, Jones' arrest of Appellant was lawful, (1) and,
therefore, the trial record supports the State's position that the search of Appellant's person was
conducted incident to a lawful arrest.

 A search incident to arrest is lawful. Chimel v. California, 395 U.S. 752, 762-63, 89 S. Ct.
2034, 2040, 23 L. Ed. 2d 685 (1969); State v. Ballard, 987 S.W.2d 889, 893 (Tex. Crim. App.
1999); Williams v. State, 726 S.W.2d 99, 101 (Tex. Crim. App. 1987). An arresting officer may
search an arrestee's person to discover and remove weapons and to seize evidence to prevent its
concealment or destruction. Chimel, 395 U.S. at 762-63, 89 S. Ct. at 2040. It is irrelevant that the
arrest occurs immediately before or after the search, as long as sufficient probable cause exists for
the officer to arrest before the search. Williams, 726 S.W.2d at 101 (citing Rawlings v. Kentucky,
448 U.S. 98, 100 S. Ct. 2556, 65 L. Ed. 2d 633 (1980)). 

 Based on Jones' testimony that he found the drugs on Appellant's person "during
[Appellant's] arrest," we conclude that a motion to suppress the drug evidence found on Appellant's
person would not have been granted because Jones searched Appellant incident to a lawful arrest. 
Consequently, we cannot say that there is a reasonable probability that the result of the trial would
have been different but for counsel's failure to file a motion to suppress. Because Appellant has
failed to satisfy his burden under Strickland, we cannot hold that trial counsel was ineffective.
Appellant's first issue is overruled.


Sufficiency of the Evidence

 In his second and third issues, Appellant contends that the evidence is both legally and
factually insufficient to support his conviction. The jury charge in the instant case authorized
conviction if Appellant was the principal actor or a party to the offense of possession of a controlled
substance. 

 A person commits the offense of possession of a controlled substance if he knowingly or
intentionally possesses a controlled substance, including methamphetamine, unless he obtained the
controlled substance through a valid prescription of a practitioner acting in the course of professional
practice. Tex. Health & Safety Code Ann. § 481.115(a) (Vernon Supp. 2003). A person may
not be convicted of possession of a controlled substance, as a principal actor, unless (1) he exercised
actual care, control, or custody of it, and (2) he was conscious of his connection with it and knew
what it was. Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995); Roberson v. State, 80
S.W.3d 730, 734-35 (Tex. App.-Houston [1st Dist.] 2002, no pet.). One need not have exclusive
possession of the drug. Roberson, 80 S.W.3d at 735. To prove that a defendant is criminally
responsible for possession of a controlled substance as a party, the evidence must first show that
another person possessed the contraband. Id. Then the State must show that, with the intent to
promote or assist the commission of the offense, Appellant solicited, encouraged, directed, aided,
or attempted to aid the other's possession. Tex. Pen. Code Ann. § 7.02(a)(2); id. Mere presence
at the scene of a crime is not alone sufficient to prove that a person is a party to the offense, although
it is a circumstance tending to prove guilt which, combined with other facts, may suffice to show that
the accused was a participant. Beardsley v. State, 738 S.W.2d 681, 685 (Tex. Crim. App. 1987);
Barnes v. State, 62 S.W.3d 288, 297 (Tex. App.-Austin 2001, pet. ref'd). In determining whether
a defendant participated in an offense as a party, the court may examine the events occurring before,
during, and after the commission of the offense and may rely on actions of the defendant that show
an understanding and common design to commit the offense. Ransom v. State, 920 S.W.2d 288,
302 (Tex. Crim. App. 1994). Intent may be inferred from circumstantial evidence such as the acts,
words, and conduct of the accused. Patrick v. State, 906 S.W.2d 481, 487 (Tex. Crim. App. 1995).

 When, as here, the accused is not in exclusive possession of the place where contraband is
found, there must be additional independent facts and circumstances which affirmatively link the
person to the contraband in such a way that it can be concluded that the accused had knowledge of
the contraband and exercised control over it. Deshong v. State, 625 S.W.2d 327, 329 (Tex. Crim.
App. 1981); Roberson, 80 S.W.3d at 735. An affirmative link generates a reasonable inference that
the accused knew of the contraband's existence and exercised control over it. Johnson v. State, 658
S.W.2d 623, 627 (Tex. Crim. App. 1983); Roberson, 80 S.W.3d at 735. Proof of an affirmative link
between the accused and the contraband is mainly needed to establish knowledge or intent. 
Roberson, 80 S.W.3d at 735.

 The courts have considered a number of factors to be "affirmative links," i.e., facts and
circumstances in addition to mere presence that raise a reasonable inference of the accused's
knowledge and control of the contraband, including whether the defendant was present when the
search was executed; whether the contraband was in plain view; whether the contraband was close
and accessible to the defendant; whether the defendant was under the influence of a controlled
substance at the time of his arrest; whether the defendant possessed other contraband when arrested;
whether the defendant made incriminating statements when arrested; whether the defendant
attempted to flee; whether the defendant made furtive gestures; whether the odor of the contraband
was present; whether other contraband or drug paraphernalia was present; whether the defendant
owned or had a right to possess the place where the drugs were found; and whether the drugs were
discovered in an enclosed space. E.g., Green v. State, 892 S.W.2d 220, 222 (Tex. App.-Texarkana
1995, pet. ref'd). The courts have continued to expand the list of factors considered to be affirmative
links, often stressing that the number of factors presented is less important than the totality of the
circumstances linking the defendant to the contraband. Bethancourt-Rosales v. State, 50 S.W.3d
650, 654 (Tex. App.-Waco 2001, pet. ref'd).

 Our analysis of the sufficiency of the evidence in this case also turns on an application of the
accomplice witness rule. Our Code of Criminal Procedure provides that a conviction cannot be had
upon the testimony of an accomplice unless corroborated by other evidence tending to connect the
defendant with the offense committed. Tex. Code Crim. Proc. Ann. art. 38.14 (Vernon 1979). The
corroboration is not sufficient if it merely shows the commission of the offense. Id. The test for
weighing the sufficiency of corroborative evidence is to eliminate from consideration the testimony
of the accomplice witness and then examine the testimony of other witnesses to ascertain if there is
evidence which tends to connect the accused with the commission of the offense. Reed v. State, 744
S.W.2d 112, 125 (Tex. Crim. App. 1988). The non-accomplice evidence need not be sufficient in
itself to establish the accused's guilt beyond a reasonable doubt. Id. at 126. Nor is it necessary for
the non-accomplice evidence to directly link the accused to the commission of the offense. Reynolds
v. State, 489 S.W.2d 866, 872 (Tex. Crim. App. 1972). The accomplice witness rule is satisfied if
there is some non-accomplice evidence which tends to connect the accused to the commission of the
offense alleged in the indictment. Gill v. State, 873 S.W.2d 45, 48 (Tex. Crim. App. 1994); Cox v.
State, 830 S.W.2d 609, 611 (Tex. Crim. App. 1992).

Legal Sufficiency

 The standard of review for legal sufficiency of the evidence is whether, viewing the evidence
in the light most favorable to the jury's verdict, any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307,
319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); Lacour v. State, 8 S.W.3d 670, 671 (Tex. Crim.
App. 2000). An appellate court should uphold the jury's verdict "unless it is found to be irrational
or unsupported by more than a mere modicum of evidence." Moreno v. State, 755 S.W.2d 866, 867
(Tex. Crim. App. 1988). The jury is the exclusive judge of the credibility of the witnesses and of
the weight to be given their testimony. Barnes v. State, 876 S.W.2d 316, 321 (Tex. Crim. App.
1994). Likewise, reconciliation of conflicts in the evidence is within the exclusive province of the
jury. Losada v. State, 721 S.W.2d 305, 309 (Tex. Crim. App. 1986). We must first determine if there is some non-accomplice evidence which tends to connect
Appellant to the commission of the offense. The Pyrex dish containing remnants of the manufacture
of methamphetamine was in plain view in the passenger compartment of the car, close by and
accessible to Appellant. Appellant had methamphetamine on his person when he was arrested. 
Though Appellant was not the driver of the car, he was surely aware, as a passenger, that the car was
pursued by a vehicle with flashing red and blue lights for some distance because Appellant fled when
Green finally stopped the car. This evidence affirmatively links Appellant with the commission of
the offense even without Moore's testimony. Coupled with Moore's testimony that Appellant and
Green manufactured the methamphetamine and loaded it and the other contraband into the car, the
evidence of Appellant's actions before, during, and after the narcotics officers stopped Green's car,
viewed in the light most favorable to the verdict, supports a jury verdict either that Appellant, Green,
and Moore were acting together, each contributing some part toward the execution of their common
purpose of knowing or intentional possession of the methamphetamine in the car, or that Appellant,
as a principal actor, knowingly or intentionally possessed the methamphetamine in the car. Therefore,
we hold that the evidence is legally sufficient to support Appellant's conviction. Appellant's second
issue is overruled.

Factual Sufficiency

 When reviewing the factual sufficiency of the evidence, we must ask whether a neutral review
of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so
obviously weak as to undermine confidence in the jury's determination, or the proof of guilt, although
adequate if taken alone, is greatly outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 11
(Tex. Crim. App. 2000). We review the evidence weighed by the jury that tends to prove the
existence of the elemental fact in dispute and compare it with the evidence that tends to disprove that
fact. Jones v. State, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996). We review the fact finder's
weighing of the evidence and are authorized to disagree with the fact finder's determination. Clewis
v. State, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996). This review must employ appropriate
deference to prevent an appellate court from substituting its judgment for that of the fact finder, and
any evaluation should not substantially intrude upon the fact finder's role as the sole judge of the
weight and credibility to be given to the testimony of the witnesses. See Jones, 944 S.W.2d at 648. 
Ultimately, a conviction will be set aside "only if the evidence supporting guilt is so obviously weak,
or the contrary evidence so overwhelmingly outweighs the supporting evidence, as to render the
conviction clearly wrong and manifestly unjust." Ortiz v. State, No. 73692, 2002 WL 31116634, at
*5 (Tex. Crim. App. Sept. 25, 2002). 

 We begin our factual sufficiency analysis by noting that there is some non-accomplice
evidence which tends to connect Appellant to the commission of the offense: the Pyrex container in
plain view and accessible to Appellant, the car chase, Appellant's flight, and the subsequent discovery
of methamphetamine on Appellant's person. Next, we consider this evidence along with Moore's
testimony that Appellant and Green manufactured the methamphetamine and loaded it into Green's
car. We conclude that the evidence supporting Appellant's guilt is neither so obviously weak as to
undermine confidence in the jury's verdict nor outweighed by contrary proof. We hold that the
evidence is factually sufficient to support the conviction. Therefore, Appellant's third issue is
overruled.

 The judgment of the trial court is affirmed.




 SAM GRIFFITH 

 Justice



Opinion delivered December 18, 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.




















(DO NOT PUBLISH)
1. It is irrelevant whether Appellant could articulate a defense to the offense of evading or whether he was
ever charged with or convicted of that offense. See Caballero v. State, 881 S.W.2d 745, 749-50 (Tex. 
App.-Houston [14th Dist.] 1994, no pet.).